(No. 3772—)

ELIZABETH A. MINKUS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1944.*

BOWE & BOWE AND DAVID LARSON, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint seeks an award under the Workmen's Compensation Act for permanent partial loss of the use of the second finger of claimant's right hand and for reimbursement for expenses incurred for hospital, medical, surgical and nursing services which she claims were necessary by reason of said accidental injuries sustained while in the employ of the State in the Division of Unemployment Compensation of the Department of Labor.

Two questions are to be decided by this court. First, the nature and extent of the injury sustained by claim-

ant, and second, the liability of the respondent to reimburse the claimant for $1,058.00, alleged to have been expended by her in order to restore her health after the injury.

The record consists of the complaint, report of the Division of Placement and Unemployment Compensation, testimony of Dr. Albert C. Field and the claimant, Elizabeth A. Minkus, abstract of said evidence, brief and argument on behalf of claimant, brief and argument on behalf of respondent and reply brief and argument of claimant.

The evidence shows this claimant was a certified civil service employee, classified as a junior clerk in said Division. That while so employed on the 24th day of July, 1942, she accidentally cut her right second finger on a clasp attached to an envelope which she was attempting to open.

Claimant testified she immediately reported the accident to her supervisor, Steven Kish. On the following day she reported the injury to Mr. Corrigan, head of the Division, who instructed her to go to a doctor and advised her to go home.

Claimant further testified that this division had made no arrangements to furnish necessary medical services to an injured employee but permitted the employee to select a physician of her own choosing. In compliance with the orders given to her by Mr. Corrigan she employed Dr. J. A. Gubler. She testified that she was hospitalized in Wesley Memorial Hospital and there remained from July 30 to the 8th day of August under the care of Dr. Gubler and after leaving the hospital she was treated by her family physician, Dr. Foley, who took x-rays and rendered medical aid.

From the evidence it is evident this claimant's finger

became infected and it was necessary to perform several operations to remove this infection. During the time of the convalescence of this claimant the Division paid her salary. She makes no claim for temporary compensation.

Dr. Albert C. Field, called on behalf of claimant, testified that as a result of his examination of claimant, for the purpose of testifying, he found that the right middle finger disclosed some deformity at the distal phalanx. On active motion, there was a marked restriction of flexion in the mid and distal phalangeal joint, but on passive manipulation the finger could be brought to within about one inch of the palm. On the dorsum of the finger at the matrix of the nail on the index finger side and on the ring finger side, extending from the distal phalangeal joint, were well healed scars. In his opinion these scars were caused from operations for drainage. On the palmar surface there was also a well healed scar extending over the distal tip. He testified there were seven operations performed on this finger. How he knew this is not clear from the testimony. He testified she also had a scar in the left orbital region and also a scar beneath the right arm in the axillary region. She also had a scar over the right knee and about an inch or an inch and a half long over the knee. There is no causive connection between these latter scars and the injury to claimant's finger. He testified that she had a tremor of her extended finger. He took an x-ray film of her right hand. He stated it showed the joint space was lessened in the distal phalangeal joint. In reply to a question, he testified she had about 75% loss of the use of her right middle finger. This doctor was not cross examined by the respondent and no further medical testimony was introduced either on behalf of claimant or respondent.

Under Section 8, paragraph a of the Workmen's Compensation Act, it is provided that the employer provide the necessary first aid, medical and surgical and hospital services, and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the injury. It is further provided in said paragraph that the employee may elect to secure his own physician, surgeon and hospital services at his own expense. There is on file in this case a departmental report in reference to this claim which, under rule 21 is prima facie evidence of the facts set forth therein. Among other things it states,

"According to statements submitted to this agency, the claimant has incurred the following expenses as a result of her injury:

Dr. J. A. Gubler..............................................$50.00
Central X-ray and Clinical Lab................................. 2.00

Claimant stated that there were other expenses incurred by reason of this injury for which she did not secure statements and that these would be submitted to the Personnel Office at an early date. However, to date we have received no statements other than those indicated above."

Rule 6, paragraph b of this court provides as follows:

"Where the claim is based upon the Workmen's Compensation Act the claimant shall set forth in the complaint all payments, both of compensation and salary, which have been received by him or by others on his behalf since the date of said injury; and shall also set forth in separate items the amount incurred, and the amount paid for medical, surgical and hospital attention on account of his injury, and the portion thereof, if any, which was furnished or paid for by the respondent."

The complaint in this case fails to comply with the above quoted rule in reference to separate items and no documents of expenditures were introduced in evidence at the hearing showing that the claimant had expended the various amounts claimed by her or that they were reasonable or necessary in order to relieve her from the effects of said injury.

After a full consideration of the record the court finds that the claimant and the respondent were on the 24th day of July, 1942, operating under the provisions of the Workmen's Compensation Act; that on the date last above mentioned said claimant sustained accidental injuries which did arise out of and in the course of the employment; and that notice of said accident was given said respondent and claim for compensation on account thereof was made on said respondent within the time required under Section 24 of said Act.

That the earnings of the claimant for the year next preceding the injury were $1,260.00, and that the average weekly wage was $24.23; that the claimant at the time of the injury had no children under sixteen years of age. That no claim for temporary total compensation is due and that the respondent paid full salary to claimant during her convalescing period. That proper proof has been made by claimant for necessary first aid, medical and surgical services as follows: Dr. J. A. Gubler, $50.00, and the sum of $2.00, representing the amount expended for x-rays for which she is entitled to reimbursement, and that all other expenses which she claims to have incurred are denied for the lack of proper proof.

That claimant is entitled to have and receive from the respondent the sum of $13.33 for a period of 26¼ weeks, as provided in paragraph e of Section 8 of the Workmen's Compensation Act, as amended, for the reason that the injury sustained caused a 75% permanent loss of the use of the second finger of the right hand of the claimant. All of which has accrued.

An award is therefore hereby entered in favor of the claimant and against the respondent as follows: The sum of $349.91 specific award for 75% of the permanent loss of the use of the second finger; the further sum of

$50.00 and the sum of $2.00 for necessary first aid and medical services rendered to claimant, making a total award in the sum of $401.91, payable in a lump sum forthwith.

This award is subjèct to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."